**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.    26-CR-20128-JB**

**UNITED STATES OF AMERICA**

**vs.**

**WILNER RENAUD,**

        **Defendant.**

                                 /

## <u>UNITED STATES' MOTION IN LIMINE</u>

The United States, by and through its undersigned counsel, moves in limine to admit the following evidence: 1) Certified documents contained in the Defendant's Alien File ("A-File"); 2) the Defendant's responses to questions asked during his April 9, 2025 interview with United States Citizenship and Immigration Services ("USCIS"); and 3) Certified documents from the Miami-Dade Office of the Supervisor of Elections and the State of Florida Department of Highway Safety and Motor Vehicles ("FLHSMV") pertaining to the Defendant.

The United States further moves to preclude: 1) any argument or evidence concerning jury nullification topics about the Defendant's personal characteristics and circumstances, reference to politics and the current political climate, conditions in Haiti, immigration consequences, or sentencing penalties; and 2) any self-serving hearsay statements made by the Defendant.

### LEGAL STANDARD

Federal Rules of Evidence 401, 402, and 403 generally govern admission of relevant evidence.  Relevant evidence is presumptively admissible.  Fed. R. Evid. 402.  Evidence that is not relevant is inadmissible.  *Id.*  Evidence is relevant if it makes a fact more probable than it would be without the evidence.  Fed. R. Evid. 401.  Nevertheless, a court may exclude relevant evidence

if its probative value is "substantially outweighed" by a danger of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

## ARGUMENT

### A.  This Court Should Admit Documents Contained in the Defendant's A-File.

The United States intends to admit numerous certified documents from the Defendant's A-File to prove the Defendant's immigration status and explain his immigration history to the jury. Documents contained within the Defendant's A-File should be admitted into evidence because, as an initial matter, it is relevant to the crime charged.  *See* Fed.R.Evid. 401 ("Evidence is relevant if it makes a fact more probable than it would be without the evidence.").  Secondly, these documents are admissible under Fed.R.Evid. 803(8), as they are "[r]outinely and mechanically kept [immigration] records." *United States v. Agustino-Hernandez*, 14 F.3d 42, 43 (11th Cir. 1994); *see also United States v. Santos*, 947 F.3d 711, 727-28 (11th Cir. 2020) (finding both the N-400 application and USCIS adjudicator annotations admissible as "nontestimonial public records produced as a matter of administrative routine."); *United States v. Caraballo*, 595 F.3d 1214, 1226 (11th Cir. 2010) (noting Form I-213 forms fall within the public records exception because the forms were completed by Customs and Border Patrol agents as part of their non-adversarial duties).

### B.  This Court Should Admit the Defendant's Responses to Questions Asked by USCIS Officer Jesus Alberti During the April 9, 2025, N-400 Interview.

The Defendant's responses to questions asked during his USCIS interview should be admitted into evidence.  Specifically, on April 9, 2025, the Defendant appeared for an interview with USCIS Officer Jesus Alberti in reference to his N-400 application.  When the Defendant originally completed his N-400 application for naturalization in 2019, he responded "No" to the following questions:

1) Have you EVER claimed to be a U.S. citizen (in writing or any other way)?
2) Have you EVER registered to vote in any Federal, state or local election in the United States?
3) Have you EVER voted in any Federal, state, or location election in the United States?

Later, during the April 9, 2025, interview, USCIS Officer Alberti placed the Defendant under oath and asked the Defendant the same three questions, to which the Defendant again reaffirmed his answers to be "No" to each question.  Those statements were false.

First, the false statements are relevant to the crime charged.  The Defendant's answers to these questions are probative as to the crime alleged, which is that he registered to vote and voted in a United States election.  As to admissibility, the Defendant's statements are admissible as an opposing party's statement under Federal Rule of Evidence 801(d)(2).  Moreover, the Defendant's false statements are admissible because false exculpatory statements may be used as substantive evidence tending to prove guilt.  *See United States v. Eley*, 723 F.2d 1522, 1525 (11th Cir. 1984); *United States v. Holbert*. 578 F.2d 128, 129-30 (5th Cir. 1978) (stating "the jury may consider whether the circumstantial evidence points to consciousness of guilt, and the significance to be attached to any such evidence is exclusively within the province of the jury.").  The Defendant's statements to USCIS were false and the United States believes such statements were said with the intention of concealing his guilt as to the crimes charged and will present evidence that contradicts the Defendant's statements.  Thus, these statements should be admitted.

**C. This Court Should Admit Certified Documents from the Miami-Dade Office of the Supervisor of Elections and the State of Florida Department of Highway Safety and Motor Vehicles ("FLHSMV") Pertaining to the Defendant.**

Certified records obtained from the Miami-Dade Office of the Supervisor of Elections relating to the Defendant's voter registration and voting history, as well as documents obtained from FLHSMV, specifically information from the Driver and Vehicle Information Database, should be admitted into evidence.  First, the certified records from the Miami-Dade Office of the

3

Supervisor of Elections are admissible as either a public record and/or business record, admissible under Federal Rules of Evidence 803(8) or 803(6).  Also, the writing contained within the voter registration cards is admissible under Federal Rule of Evidence 801(d)(2), as an admission by a party-opponent.  Second, the DAVID records are created by the FLHSMV and are public records and/or business records and are likewise admissible under Federal Rules of Evidence 803(8) or 803(6).

### D. This Court Should Exclude Any Argument or Evidence Concerning Jury Nullification Topics about the Defendant's Age and Current Living Situation, Reference to Politics and the Current Political Climate, Conditions in Haiti, Immigration Consequences, or Sentencing Penalties.

The Court should prevent the Defendant from arguing for, or advancing evidence aimed at, jury nullification. "[T]he jury enjoys no right to nullify criminal laws, and the defendant enjoys a right to neither a nullification instruction nor a nullification argument to the jury[.]" *United States v. Funches*, 135 F.3d 1405, 1409 (11th Cir. 1998).  Furthermore, "defense counsel may not argue jury nullification during closing argument." *United States v. Hall*, 188 F. App'x 922, 925 (11th Cir. 2006) citing *United States v. Trujillo*, 714 F.2d 102, 106 (11th Cir.1983).

Consequently, the Defendant should be precluded from making any line of argument—or introducing any evidence—which include, but are not limited to:

1.   his personal characteristics and circumstances;

2.   references to politics and the current political climate;

3.   conditions in Haiti; and

4.   sentencing penalties.

The Defendant should not be permitted to introduce evidence as to his personal characteristics and circumstances, as it is irrelevant under Fed. R. Evid. 401.  This Court should also preclude the Defendant from making any politically related arguments.  Arguments

4

surrounding the current political climate in the United States or alleged political motivations for the investigation in the instant case have no relevance to any factual or legal questions.  Even if this Court finds the evidence relevant, these arguments should be excluded under Federal Rule of Evidence 403 because it is unduly prejudicial.  Rule 403 functions to exclude matters of scant probative value introduced for the sake of their prejudicial effect.  *See United States v. Grant*, 256 F.3d 1146, 1155 (11th Cir. 2001).  Lastly, any mention of penalties, including but not limited to sentencing, immigration consequences, and current conditions in Haiti, should be excluded under Federal Rules of Evidence 401 and 403.

### E.   This Court Should Exclude the Defendant's Self-Serving Hearsay Statements.

The United States believes the Defendant will attempt to elicit self-serving hearsay statements made by the Defendant during the recorded interview with HSI agents.  This Court should preclude the Defendant from introducing any of his own out-of-court statements through other witnesses or through recordings, unless the Defendant himself testifies.  The United States, as a party opponent, may introduce the Defendant's prior statements as non-hearsay statements of a party opponent (or to impeach the Defendant should he choose to testify).  Fed. R. Evid. 802(c)(2)(A); Fed. R. Evid. 608(b).  However, the Defendant may not introduce his own statements independently—or even the remainder of a statement—unless the remainder gives the jury a "complete understanding of the 'total tenor and effect of the utterance.'"  *United States v. Santos*, 947 F.3d 711, 729 (11th Cir. 2020) (citing *Beech Aircraft Crop. v. Rainey*, 488 U.S. 153 (1988)); *see also United States v. Sharp*, 2021 WL 1736882, at *4 (N.D. Ohio, May 3, 2021) (granting the government's motion in limine to exclude "any testimony by these officers on cross-examination by Defendant's counsel regarding additional statements made by Defendant that have not already been introduced on direct examination [because ruling otherwise would] effectively allow

Defendant to testify without being under oath, without cross-examination, and without direct scrutiny by the jury.").

## CONCLUSION

WHEREFORE, the United States respectfully requests this Court grant the United States' Motion in Limine.

Respectfully submitted,

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

By: /s/ *Jeffrey M. Pierce*
Jeffrey M. Pierce
Special Assistant United States Attorney
Florida Bar No. 1002549
99 N.E. 4th Street
Miami, Florida 33132
(786) 647-9232
Jeffrey.Pierce@usdoj.gov

## CERTIFICATE OF CONFERRAL

The undersigned conferred with Defense Counsel prior to filing this motion but was unable to get confirmation as to his position.

*/s/ Jeffrey M. Pierce*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 15th day of July 2026, the undersigned electronically filed the foregoing Motion in Limine with the Clerk of the Court using CM/ECF, and that copy of the Motion in Limine was forwarded to opposing counsel.

*/s/ Jeffrey M. Pierce*
Jeffrey M. Pierce
Special Assistant United States Attorney